# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued March 14, 2007          Decided June 22, 2007

No. 04-1238

COLORADO OFFICE OF CONSUMER COUNSEL, ET AL.,
PETITIONERS

v.

FEDERAL ENERGY REGULATORY COMMISSION,
RESPONDENT

AMERICAN GAS ASSOCIATION, ET AL.,
INTERVENORS

On Petitions for Review of Orders of the
Federal Energy Regulatory Commission

*Lynn N. Hargis* argued the cause for petitioners. With her on the briefs was *Gerald A. Norlander*.

*Robert H. Solomon*, Solicitor, Federal Energy Regulatory Commission, argued the cause for respondent. With him on the brief were *John S. Moot*, General Counsel, and *Michael E. Kaufmann*, Attorney.

*Scott H. Angstreich* argued the cause for intervenors. With him on the brief were *David C. Frederick*, *Brendan J. Crimmins*, *Paul W. Fox*, *John D. McGrane*, *Edward H. Comer*, *Gary D.*

*Bachman*, *Cheryl Feik Ryan*, *Howard E. Shapiro*, *John T. Stough, Jr.*, and *Kevin M. Downey*. *Andrea M. Kearney*, *Erin M. Murphy*, and *Charles V. Garcia* entered appearances.

Before: ROGERS, TATEL and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: In a proceeding under section 206 of the Federal Power Act (FPA), the Federal Energy Regulatory Commission determined that anticompetitive and market manipulative practices were making market-based electricity transmission rates unjust and unreasonable. *See Investigation of Terms and Conditions of Public Utility Market-Based Rate Authorizations*, 97 F.E.R.C. ¶ 61,220, at 61,974–75 (2001) (initiating section 206 proceeding); *Investigation of Terms and Conditions of Public Utility Market-Based Rate Authorizations*, 103 F.E.R.C. ¶ 61,349, at 62,373–74 (2003) (asserting that investigation discovered "fraudulent or otherwise anticompetitive" energy trading strategies utilized first by the Enron Corporation and later by "a broad cross-[s]ection of the industry"); *Investigation of Terms and Conditions of Public Utility Market-Based Rate Authorizations*, 105 F.E.R.C. ¶ 61,218, at 62,142 (2003) (determining that "sellers' existing tariffs and authorizations" would be unjust and unreasonable "without clearly-delineated rules of the road to govern market participant conduct"). As a remedy, the Commission approved a series of "Market Behavior Rules" that prohibited such practices and permitted the Commission and the public to monitor market-based energy transactions more closely. *Id.* at 62,142–43 (summarizing Rules). The Market Behavior Rules were not issued in the form of Commission regulations, but instead conditions imposed upon all existing and future market-based tariffs approved by the Commission. *See* 103 F.E.R.C. at 62,373 n.5.

Colorado Office of Consumer Counsel and others (hereinafter "Consumer Advocates") petition for review. Asserting that the Market Behavior Rules simply regulate sellers' behavior, they argue that the Commission, having found rates unjust and unreasonable, violated FPA section 206 by failing also to "fix" a new rate. Consumer Advocates go on to argue that in fixing a new rate, the Commission must reject all market-based rates. According to petitioners, certain aspects of FPA section 205, which provides the framework for the filed rate system, are fundamentally incompatible with market-based tariffs.

The Commission argues that intervening events have mooted Consumer Advocates' claim. Specifically, after the petition was filed, Congress passed the Energy Policy Act of 2005 ("EPAct"), Pub. L. No. 109-58, 119 Stat. 594 (codified in relevant part at 16 U.S.C. § 824v), which gave the Commission explicit authority to prohibit "any manipulative or deceptive device or contrivance" used in the purchase or sale of electric energy or transmission services. On our own motion, we held Consumer Advocates' petition for review in abeyance, along with five other petitions for review regarding these proceedings, while the Commission determined whether it would exercise this new authority and, in the process, revise or repeal the Market Behavior Rules. *See Cinergy Mktg. & Trading, L.P. v. FERC*, No. 04-1168, 2006 U.S. App. LEXIS 3682 (D.C. Cir. Feb. 15, 2005). The Commission did just that: it rescinded the Market Behavior Rules, replacing them with Commission regulations, some of which were issued under its new EPAct authority. *See Investigations of Terms and Conditions of Public Utility Market-Based Rate Authorizations*, 114 F.E.R.C. ¶ 61,165, at 61,528–29 (2006). The rescission of the Market Behavior Rules, however, does not render Consumer Advocates' claim moot, for the Commission never rescinded its determination that market-based rates had become unjust and unreasonable. Were Consumer

4

Advocates' legal theory correct, they would be entitled to relief. There is thus still an "actual, ongoing controvers[y]," *Honig v. Doe*, 484 U.S. 305, 317 (1988), that the passage of the EPAct and the Commission's rescission of the Market Behavior Rules have failed to quiet.

Proceeding to the merits, we deny Consumer Advocates' petition for review because FPA Section 206's plain language does not require the Commission, having found only one aspect of the tariffs to be unjust or unreasonable, to revisit all elements of its market-based rate tariffs. FPA section 206(a) states:

> Whenever the Commission, after a hearing had upon its own motion or upon complaint, shall find that any rate, charge, or classification . . . or . . . any rule, regulation, practice, or contract affecting such rate, charge, or classification is unjust, unreasonable, unduly discriminatory or preferential, the Commission shall determine the just and reasonable rate, charge, classification, rule, regulation, practice, or contract to be thereafter observed and in force, and shall fix the same by order. Any complaint or motion of the Commission to initiate a proceeding under this section shall state the change or changes to be made in the rate, charge, classification, rule, regulation, practice, or contract then in force, and the reason for any proposed change or changes therein. If, after review of any motion or complaint and answer, the Commission shall decide to hold a hearing, it shall fix by order the time and place of such hearing and shall specify the issues to be adjudicated.

16 U.S.C. § 824e(a). While the statute requires the Commission

to act upon a finding that rates (or regulations, practices, or contracts affecting those rates) are unjust or unreasonable, it nowhere mandates that having made such a finding with respect to a discrete issue, the Commission must reopen and reevaluate all other aspects of the filed rate. To the contrary, by requiring that "[a]ny complaint or motion of the Commission to initiate a proceeding under this section *shall state the change or changes to be made* in the rate, charge, classification, rule, regulation, practice, or contract" and mandating that the Commission "*specify the issues to be adjudicated*" at any section 206 hearing, *id.* (emphases added), the FPA makes clear that section 206 proceedings are designed to identify and address such discrete issues.

This is precisely what the Commission did. Having on its own motion initiated an investigation into the specific issues of anticompetitive behavior and market manipulation, the Commission proposed conditioning all market-based rate tariffs on new Market Behavior Rules that would prohibit these practices. *See Investigation of Terms and Conditions of Public Utility Market-Based Rate Authorizations*, 103 F.E.R.C. ¶ 61,349, at 62,372 (2003). By enacting the Market Behavior Rules, the Commission "fixed" the rate with respect to the only issues it had set forth in its order initiating the section 206 proceeding. *See Investigation of Terms and Conditions of Public Utility Market-Based Rate Authorizations*, 107 F.E.R.C. ¶ 61,175, at 61,723 (2004) (responding to Consumer Advocates' argument that it failed to "fix" a particular rate by noting that "[t]he 'filed rate,' in this case, will be the behavioral standards voluntarily incorporated into the seller's tariff as an agreed [upon] condition relating to its grant of market-based rate authority"). Finding no error in the Commission's order, we deny the petition for review.

*So ordered.*